**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-51272
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WENDALL KEITH ROBINSON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-156-ALL

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wendall Keith Robinson pleaded guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court imposed a statutory mandatory minimum prison sentence of 120 months and an eight-year term of supervised release.

Robinson argues that the ten-year mandatory minimum sentence imposed for possession with intent to distribute under § 841(b)(1)(B) violates the Due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Process Clause. He relies on a May 2007 Sentencing Commission report that concluded that the 100 to one ratio between crack cocaine and powder cocaine was unwarranted, and *Kimbrough v. United States*, 552 U.S. 85 (2007), to support his argument.

The district court did not plainly err in sentencing Robinson to the mandatory minimum penalty because this court has rejected claims that the sentencing disparity between powder cocaine and crack cocaine violates the Due Process Clause. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (holding that unpreserved errors are reviewed for plain error); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (holding that a panel of this court may not overrule a prior panel's decision in the absence of intervening contrary or superseding authority); *United States v. Wilson,* 77 F.3d 105, 112 (5th Cir. 1996) (holding that the argument that the disparity between powder cocaine and crack cocaine is unconstitutional is foreclosed by Fifth Circuit precedent); *see also United States v. Gomez-Herrera*, 523 F.3d 554, 559 (5th Cir. 2008) (*Kimbrough*, 552 U.S. at 108) (quoting *Kimbrough*, "'possible variations among district courts are constrained by the mandatory minimums Congress prescribed in the 1986 Act' which district courts may not ignore").

Robinson also argues that the factual basis was insufficient because it did not establish the amount of crack cocaine he intended to personally use versus the amount of crack cocaine he intended to distribute. Robinson, however, has failed to show that, but for the district court's alleged error, he would not have pleaded guilty. *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). Accordingly, the district court's judgment is AFFIRMED.